UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TELEDYNE TECHNOLOGIES INCORPORATED, a Delaware corporation, <br><br> Plaintiff, <br><br> v. <br><br> HARRIS CORPORATION, a Delaware a corporation, <br><br> Defendants. | Case No. CV 11-00139 DDP (AJWx) <br><br> **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** <br><br> [Motion filed on 2/4/11] |

Presently before the court is Defendant Harris Corporation ("Harris")'s Motion to Dismiss or Transfer Venue. After reviewing the parties' moving papers and hearing oral argument, the court grants the motion and adopts the following order.

**I. Background**

Harris, a resident of Florida, owns a patent portfolio related to "Ground Data Link," or "GDL" technology. GDL technology collects flight performance data from aircraft and transmits that information wirelessly to ground-based systems. GDL transmits flight information via an 802.11 "Wi-Fi" signal.

Plaintiff Teledyne Technologies Incorporated ("Teledyne")'s principal place of business is in California. Teledyne developed a "Wireless GroundLink," or "WGL" system, which also transmits aircraft flight information to ground-based systems. Unlike Harris's GDL system, however, the Teledyne WGL system utilizes a GSM cellular telephone network to transmit information.

Harris licences its GDL patent portfolio to other companies, including Spirent Systems Wichita, Inc. ("Spirent",) a Teledyne subsidiary. Harris has engaged in prior litigation related to its GDL patents. In 2007, Harris brought a patent infringement action against Federal Express Corporation ("FedEx") in the Middle District of Florida. That action involved three of the four patents at issue in the instant case. After the Florida court issued claim construction rulings, a jury found that FedEx had infringed Harris's valid patents. The Florida court affirmed the finding of validity and denied FedEx's motion for judgment as a matter of law on November 17, 2010.

In August 2010, Harris solicited Teledyne and suggested that Teledyne acquire a license to the GDL technology. Teledyne indicated that it was reviewing the GDL patent portfolio, and requested extensions of time in which to respond to Harris. On November 30, 2010, the parties' representatives met in person in California. Harris indicated that it was ready to take the "next step" if the parties could not reach a licensing agreement.

The parties did not reach an agreement on November 30. On December 1, Teledyne representative Robert Schaefer ("Schaefer") wrote a letter, in which he expressed the belief that the meeting "was useful in advancing the ball towards the goal line." Schaefer

pledged to "address the portfolio with all deliberate speed" and "to give your requests our focused attention[] before we get together again." On December 3, to facilitate Teledyne's review, Harris supplied claim charts and other documentation of Teledyne's alleged infringement of the GDL patents.

Teledyne did not respond to Harris's further inquiries. Instead, on January 5, 2011, Teledyne filed this declaratory relief action. Teledyne seeks a declaratory judgment that four of Harris's GDL patents are invalid and unenforceable, and that Teledyne has not infringed those patents.[1] On February 3, 2011, Harris filed a patent infringement action against Teledyne in the Middle District of Florida. The Florida infringement patent concerns the same four patents at issue here, as well as two additional GDL-related patents. Harris now moves to dismiss Teledyne's first-filed declaratory judgment action or, in the alternative, to transfer to the Middle District of Florida.

**II. Legal Standard**

Federal Circuit law controls the question whether to decline jurisdiction over a declaratory action regarding patent rights in light of a later-filed action for patent infringement. Electronics For Imaging, Inc. v. Coyle, 394 F.3d 1341, 1345 (Fed. Cir. 2005). "In a case of actual controversy . . . any court of the United States, upon the filing of an appropriate pleading, <u>may</u> declare the rights and other legal relations of any interested party . . . ." 28 U.S.C. § 2201(a) (emphasis added). This court enjoys "unique

---

[1] The patents-in-suit are U.S. Patent Numbers 6,047,165; 7,426,387; 7,426,288; and 7,428,412. The three latter patents are continuations of the '165 patent. All but the '388 patent were at issue in the FedEx action in Florida.

3

and substantial discretion in deciding whether to declare the rights of litigants." Wilton v. Seven Falls Co., 515 U.S. 277, 286 (1995); See also Teva Pharmaceuticals USA, Inc. v. EISAI Co., Ltd., 620 F.3d 1341, 1348-49 (Fed. Cir. 2010).

Generally, the first-filed suit has priority. Kahn v. General Motors Corp., 889 F.2d 1078, 1081 (Fed. Cir. 1989). "Exceptions, however, are not rare, and are made when justice or expediency requires, as in any issue of choice of forum." Genentech, Inc., v. Eli Lilly and Co., 998 F.2d 931, 937 (Fed. Cir. 1993). When sound reasons make it unjust or inefficient to proceed with the first-filed action, the general preference for the first-filed suit "should yield to the forum in which all interests are best served." Id. Relevant factors include the convenience and availability of witnesses, the possibility of consolidation with related cases, and whether a party anticipatorily filed a declaratory judgment action in an attempt to preempt an infringement action. Id.; Coyle, 394 F.3d at 1348-49.

**III. Discussion**

Here, it would be inefficient and unjust to proceed with Teledyne's declaratory judgment action. The Middle District of Florida has, in the recently-concluded FedEx case, already issued claim construction rulings on three of the four patents at issue here.[2] The court recognizes that the issues in the FedEx action and the Teledyne infringement action currently pending in Florida are not identical. Unlike the FedEx system, Teledyne's WGL system utilizes a GSM network, and Teledyne may present invalidity

---

[2] Though the FedEx matter is closed in the Middle District of Florida, an appeal to the Federal Circuit is pending.

4

arguments different from those raised by FedEx. Nevertheless, having already conducted the FedEx proceedings, the Florida court is quite familiar with the patents at issue. Indeed, the Florida infringement action against Teledyne has already been transferred to the judge who presided over the FedEx matter. Accordingly, interests of expediency and efficiency militate against proceeding with the declaratory judgment action in this court.

Factors of convenience and availability of the parties also weigh in favor of dismissal. Harris's headquarters, research facilities, employees, and former employees are all located in Florida, as are certain non-party witnesses. Though Teledyne contends that its own witnesses and documents are located in this district, Teledyne's assertions of non-infringement represent only a portion of its claims. Teledyne also seeks a judgment that Harris's GDL patents are invalid and unenforceable. Resolution of those claims will necessarily involve significant examination of data and witnesses located in Florida.

Lastly, principles of justice weigh in favor of dismissal. There is evidence that Teledyne filed this declaratory judgment action in anticipation of Harris's forthcoming infringement suit. As Teledyne's own papers illustrate, Harris "made it clear that if the parties could not reach an agreement, Harris was ready to take the 'next step.'" (Opp. at 6.) Harris "communicated to Teledyne in no uncertain terms that . . . Teledyne would be Harris' next litigation target." Id. Neverthless, Teledyne continued to express interest in "advancing the ball towards the goal line" as it pledged to "keep in touch" in advance of subsequent meetings. Accordingly, Harris provided Teledyne with documentation of

Teledyne's allegedly infringing uses. Teledyne responded by filing this declaratory judgment action, in anticipation of Harris's infringement action.

Contrary to Teledyne's assertions, this case is unlike either <u>Genentech</u> or <u>Coyle</u>. In <u>Genentech</u>, the district court dismissed a first-filed declaratory judgment action solely because an infringement action was filed one day later. <u>Genentech</u>, 998 F.2d at 938. The Federal Circuit reversed, holding that the mere existence of a later-filed infringement action cannot support dismissal unless "interests of justice or convenience" are also implicated. Here, as described above and in contrast to <u>Genentech</u>, considerations of both convenience and justice are at stake, and support dismissal of the first-filed action.

Nor is this case factually similar to <u>Coyle</u>. In that case, the Federal Circuit reversed the dismissal of a declaratory judgment action because litigation threats by a patent holder created sufficient legal uncertainty to implicate the Declaratory Judgment Act. <u>Coyle</u>, 394 F.3d at 1346 ("[T]he purpose of the Declaratory Judgment Act . . . in patent cases is to provide the allegedly infringing party relief from uncertainty and delay regarding it's legal rights." (quoting <u>Goodyear Tire & Rubber Co. v. Releasomers, Inc.</u>, 824 F.2d 953, 956 "(Fed. Cir. 1987)). As an initial matter, the facts of <u>Coyle</u> are distinguishable from those here. In <u>Coyle</u>, the patent holder, unrepresented by counsel, made several unsubstantiated threats of infringement litigation over the course of many years. <u>Id.</u> at 1343-44. Some of these threats were made before a patent ever issued, and, during certain periods, were made "on a daily basis." <u>Id.</u> at 1344. Here, in contrast to <u>Coyle</u>,

there was no analogous uncertainty or risk of delay. By Teledyne's own admission, Harris "made it clear . . . that Teledyne would be Harris' next litigation target." (Opp. at 6).

Furthermore, the <u>Coyle</u> court acknowledged that "a district court may consider whether a party intended to preempt another's infringement suit when ruling on the dismissal of a declaratory action." <u>Coyle</u>, 394 F.3d at 1348. The <u>Coyle</u> court did not disagree with the district court's conclusion that the plaintiff filed a preemptive suit, but rather opined that the anticipatory nature of a suit alone is not sufficient to warrant dismissal. <u>Id.</u> Here, as in <u>Serco Services Co., L.P. v. Kelley Co, Inc.</u>, 51 F.3d 1037 (Fed. Cir. 1995), the anticipatory nature of Teledyne's suit is but one factor in the dismissal analysis. Considerations of the convenience and availability of witnesses, the location of documents, judicial expediency and efficiency, and the preemptive nature of Teledyne's suit all merit dismissal of this declaratory judgment action.

**IV. Conclusion**

For the reasons stated above, Defendant's Motion to Dismiss is GRANTED.

IT IS SO ORDERED.

Dated: July 1, 2011

DEAN D. PREGERSON
United States District Judge